

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-6788
Re: Liability of Nueces County for payment of the court stenographer's fee for transcript of testimony taken in a forcible detainer suit to which the county was not a party.

Your letter of August 17, 1945, relative to the above matter has been given our careful consideration. It reads as follows:

"Some time ago, there was held in the County Court of Nueces County, a trial in cause No. 3624, styled B. M. Jackson, et al, v. Joe L. Mayes, et al. The case was a forcible detainer suit against the Playboy Bar.

"Just before the close of the trial, there were some articles appearing in the newspaper which the County Judge thought should not have been printed; and he held the editor, reporter, and columnist of said newspaper in contempt of court. In order that he might have a full knowledge of all the proceedings that were had during the trial, the County Judge ordered a transcript of the testimony from the Court Stenographer. Said transcript of the testimony prepared by the Court Stenographer was billed to the County for $111.00. Could the County legally pay for this transcript?"

The essence of your question is whether or not the county is legally liable for the payment of this transcript,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. J. Wilde, Page 2

for of course it is academic that unless the county is thus legally liable no payment could be approved, ordered or made.

Article 2327 of the Revised Civil Statutes insofar as pertinent is as follows:

"When either party to a civil case pending in the county court or county court at law applies therefor, the judge thereof shall appoint a competent stenographer, if one be present, to report the oral testimony given in such case. Such stenographer shall take the oath required of official court reporters, and shall receive not less than Five Dollars ($5.00) per day, to be taxed and collected as costs. * * *"

This statute necessarily by negation at least precludes liability of the county for under the facts stated by you it appears the Commissioners' Court did not authorize the court stenographer to perform the services. It further appears that the litigation out of which the transaction arose was a private suit between individuals, in which the county was not in the least involved. It appears the contempt proceeding involved alone the question as to whether certain individuals were in contempt of the County Court. Neither of these proceedings in any way involves Nueces County. Nueces County is not authorized to pay the expenses incident to or growing out of such contempt proceedings. Neither the County Judge nor the Commissioners' Court was authorized to bind Nueces County or obligate it to pay the stenographer for the services he rendered or the work he did in connection with the proceeding. It is therefore our opinion that the claim should be rejected.

We know of no statute, decision or legal principle that would make the county liable for this item.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED SEP 12 1945

ATTORNEY GENERAL OF TEXAS

OS:mp

APPROVED OPINION COMMITTEE BY CHAIRMAN